(October 5, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BROCK, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 9, 1987, convicting defendant, on his plea of guilty, of criminal possession of a weapon in the third degree and sentencing him to an indeterminate term of imprisonment of from 2½ to 5 years, unanimously reversed, on the law, the motion to suppress granted, and the indictment dismissed.

At 11:10 P.M. on October 26, 1986, three anticrime plainclothes police officers driving in an unmarked automobile at the intersection of West 145th Street and St. Nicholas Avenue heard the sound of "screeching" tires and observed a Volvo automobile, about four car lengths away, make "an erratic turn onto Edgecombe Avenue from 145th Street * * * at a high rate of speed." The officers' attention was also attracted by the presence of that "type of car" in that location, a "drug-prone" area, at such an hour. The Volvo appeared to be "very clean" and "fairly new". Suspicions aroused, the officers followed the Volvo as it proceeded south on Edgecombe Avenue to West 141st Street, where it came to a stop alongside the curb. The officers pulled up behind the Volvo and exited their car, guns still holstered, as defendant emerged from the driver's side of the Volvo. Officer Gonzalez asked him for his license, registration and insurance card, which he produced. Defendant was holding a purse in his right hand, which he held stationary, with his elbow bent and held close against his

side. When Officer Gonzalez moved close to him, defendant turned the right side of his body away. As Gonzalez testified, defendant "would not face me full front. He was always turning away his body, giving me his left side." Defendant's coat was open. Suspicions aroused, Officer Gonzalez reached into defendant's waistband and removed a .45 caliber handgun.

At the conclusion of the suppression hearing, the court, crediting Officer Gonzalez's testimony, found that defendant's "unnatural positioning * * * combined with [his] furtive turning away from the officer * * * provided [a basis for] reasonable suspicion that defendant was armed". It further held that the officer's conduct in reaching for the gun was "reasonable under the circumstances". We reverse, grant the motion to suppress the gun and dismiss the indictment.

Contrary to defendant's arguments, the police officers were justified in approaching defendant's car and requiring that he produce his license, registration and proof of insurance. He had been observed making a screeching turn at a high rate of speed, conduct which constitutes a violation of the Vehicle and Traffic Law. Although, under the circumstances, a stop of defendant's automobile would have been justified, there was, in fact, no stop. Rather, as the record shows, the officers merely drove up to the rear of the Volvo, which had already stopped at the curb. Defendant's actions, however, fail to justify Officer Gonzalez's frisk of defendant. "It is now settled that police action by way of frisk or search and seizure to discover whether contraband is concealed on a person must be predicated on some objective credible suspicion that points to criminal activity afoot". (People v Cornelius, 113 AD2d 666, 668, citing People v De Bour, 40 NY2d 210; see also, People v Gordon, 122 AD2d 640.) While Officer Gonzalez may have had his suspicions, he was not, under the circumstances, justified in reaching inside defendant's coat. No bulge or outline of a weapon had been observed. Defendant had complied with all of the officer's requests. He was never asked what he had under his coat. Nor did Officer Gonzalez receive any signal from his brother officers of any impending danger. Absent some indicia of criminality, Officer Gonzalez acted precipitously in reaching into defendant's coat in the belief he was hiding a gun. As the Court of Appeals has noted, "[t]he crucial factor is whether * * * the police behavior can be characterized as reasonable". (People v De Bour, 40 NY2d, supra, at 217.) In the circumstances, we conclude that it was not.

Concur—Murphy, P. J., Sullivan, Ross, Milonas and Rubin, JJ.